NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN FLEMING, | Civil No. 05-3570 (RBK) |
| Plaintiff, | |
| v. | **O P I N I O N** |
| LOUIS LAPPEN, | |
| Defendant. | |

**APPEARANCES**:

    JOHN FLEMING, #267325A
    Mid State Correctional Facility
    P.O. Box 866
    Wrightstown, New Jersey  08562

**KUGLER**, District Judge

Plaintiff John Fleming, a prisoner who is presently incarcerated at Mid State Correctional Facility, seeks to file a Complaint in forma pauperis pursuant to 28 U.S.C. § 1915.  Based on his affidavit of poverty, prison account statement, and the apparent absence of three dismissals within 28 U.S.C. § 1915(g), this Court (1) grants Plaintiff's application to proceed in forma pauperis; (2) directs the Clerk to file the Complaint without pre-payment of the filing fee; (3) assesses a $250.00 filing fee against Plaintiff; (4) directs the New Jersey Department of Corrections ("NJDOC") to deduct an initial partial filing fee from Plaintiff's prison account, when funds exist, and to forward same to the Clerk of the Court; and (5) directs the NJDOC to forward payments from Plaintiff's prison account to the Clerk each subsequent month that the amount in the account exceeds $10.00, until the $250.00 filing fee is paid in full.  See 28 U.S.C.

§ 1915(a), (b).  Having thoroughly reviewed Plaintiff's allegations, the Court dismisses the Complaint.  See 28 U.S.C. §§ 1915(e)(2), 1915A.

## I.  BACKGROUND

Plaintiff asserts the following facts in the Complaint, which this Court is required to view as true for the purposes of this review.  Plaintiff brings this action against Louis Lappen, the Assistant United States Attorney who prosecuted him in the United States District Court for the Eastern District of Pennsylvania for receiving or distributing and possessing material involving the sexual exploitation of minors.  See United States v. Fleming, 99-cr-0593 j. conviction (E.D. Pa. May 11, 2001), aff'd, 29 Fed. Appx. 871 (3d Cir. 2002).  Plaintiff asserts that Lappen used the position of his office to perform acts of bad faith in violation of the Citizens Protection Act of 1998 and the United States Constitution.  Among other alleged acts of bad faith, Plaintiff claims that Lappen coerced him to plead guilty in exchange for a downward sentencing departure, misled the court as to Plaintiff's criminal activities, impeded access to discovery in the criminal proceeding, turned a blind eye to searches of Plaintiff's home by the police without probable cause, coerced the court to impose a higher sentence than orally agreed to, lied to the court on July 8, 2003, at a hearing on Plaintiff's motion under 28 U.S.C. § 2255.  Plaintiff seeks relief under 28 U.S.C. § 530B, including referral to a grand jury for possible criminal prosecution, dismissal, loss of pension or other retirement benefits, referral of ethical charges to the bar, and any other remedy deemed appropriate.

## II.  LEGAL STANDARD

The in forma pauperis statute, as amended by the Prison Litigation Reform Act (?PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996),

requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  "In addition, under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case."  Swierkiewicz v. Soreman, 534 U.S. 506 511 (2002); see also Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993).  Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The statement of the claim must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."  Swierkiewicz, 534 U.S. at 512.  Moreover, a pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz, 534 U.S. at 514 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

### III.  DISCUSSION

A.  Citizens Protection Act

Plaintiff asserts violations of the Citizens Protection Act of 1998.  See 28 U.S.C. § 530B, 28 C.F.R. § 77.1 et seq.  The Citizens Protection Act provides in relevant part:

> (a) An attorney for the Government shall be subject to State laws and rules, and local Federal court rules, governing attorneys in each State where such attorney engages in that attorney's duties, to the same extent and in the same manner as other attorneys in that State.
>
> (b) The Attorney General shall make and amend rules of the Department of Justice to assure compliance with this section.

28 U.S.C. § 530B(a), (b).

However, Plaintiff cannot enforce this statute because the statute does not "create a right or benefit, substantive or procedural, enforceable at law by a party to litigation."  28 C.F.R. § 77.5.  Therefore, Plaintiff's claims under § 530B will be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

4

B. Constitutional Violations

In Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." Correctional Services Corp. v. Malesko, 534 U.S. 61, 66 (2001). The Supreme Court found an implied damages remedy available under the Fourth Amendment. Bivens, 403 U.S. at 397. The Supreme Court has recognized an implied damages remedy under the Due Process clause of the Fifth Amendment, Davis v. Passman, 442 U.S. 228 (1979), and the Cruel and Unusual Punishment clause of the Eighth Amendment, Carlson v. Green, 446 U.S. 14 (1980). To state a claim for damages under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), a plaintiff must show that federal officers violated his constitutional rights. Malesko, 534 U.S. at 66.

However, a prosecutor is absolutely immune from a damage action under Bivens for "initiating and pursuing a criminal prosecution." Kalina v. Fletcher, 522 U.S. 118 (1997) (quoting Imbler v. Pachtman, 424 U.S. 409, 410 (1976)). Moreover, to the extent that Plaintiff seeks declaratory or injunctive relief, his claims have not accrued because a favorable judgment would necessarily imply the invalidity of his conviction. See Edwards v. Balisok, 520 U.S. 641, 645-47 (1997); Heck v. Humphrey, 512 U.S. 477 (1994).[1] "In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions

---

[1] The Supreme Court held in Heck v. Humphrey, 512 U.S. 477 (1994), that an action under § 1983 seeking damages for allegedly unconstitutional conviction or incarceration is not cognizable under § 1983 unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-7.

whose unlawfulness would render a conviction or sentence invalid, a [Bivens] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a . . . tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87 (footnotes omitted); see also Muhammad v. Close, 124 S.Ct. 1303 (2004).

Plaintiff's conviction has not been overturned, invalidated, or called into question by the issuance of a writ of habeas corpus. Thus, his challenge is not cognizable under Bivens.

## IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint.


                                        s/Robert B. Kugler
                                        **ROBERT B. KUGLER, U.S.D.J.**


Dated:   March 10 ,  2006